SACKS v. BROOKS et al.

(Circuit Court, D. Massachusetts. March 29, 1898.)

REHEARINGS—PATENT CASES.

   D.'s application for a patent having been filed before the complainant's, and the circuit court of appeals having held that, in order to prevail, the complainant must prove earlier invention beyond a reasonable doubt, a rehearing in the case will not be granted to complainant on the ground of newly-discovered evidence of the priority of his invention, unless such new evidence, if uncontradicted, would prove priority beyond a reasonable doubt.

This was a suit in equity by Louis Sacks against George Brooks, George K. Brooks, and Gardiner C. Brooks, trading as Brooks & Co., for the alleged infringement of letters patent No. 443,199, issued December 23, 1890, to Louis Sacks and Henry Richmond, for an alleged improvement in boot or shoe lasts. This court rendered a decree for an injunction and an account, and the defendants appealed. The circuit court of appeals, on June 10, 1897, rendered a decree of reversal, and remanded the cause, with directions to dismiss the bill, but granting complainant leave to apply to the circuit court for a rehearing on the ground of newly-discovered evidence of priority of his invention to that of Dusenbury. 81 Fed. 403. The cause is now heard accordingly on complainant's application for a rehearing on that issue.

W. P. Preble, Jr., for complainant.
Benj. F. Rex and Fish, Richardson & Storrow, for defendants.

LOWELL, District Judge. In order to prevail, the complainant in this case was required to prove that his invention was prior to that of one Dusenbury, and this although Dusenbury's application for a patent was filed before the complainant's. The circuit court was of opinion that the complainant had proved his priority; but the circuit court of appeals (26 C. C. A. 456, 81 Fed. 404) decided that, in order to do so, he must "prove earlier invention in his behalf beyond reasonable doubt," and that he had "come far short of proving his prior right as satisfactorily as required by the authorities and by reason of the case." "We are safe in saying," said the circuit court of appeals, "that the pre-

ponderance of probabilities is against him." The complainant filed a motion in the circuit court of appeals that the mandate to the circuit court should be framed so as to give him leave to apply to that court for a rehearing on the ground of newly-discovered evidence of the priority of his invention. The mandate accordingly gave him leave to make his application to the circuit court, "all questions whatever in reference thereto being reserved for that court." The complainant has duly filed his petition for a rehearing, with supporting affidavits. The date of Dusenbury's invention is fixed at April 25, 1889, by a stipulation filed in the case, the full effect of which complainant's counsel says that he did not recognize. However that may be, his petition and affidavits do not seriously challenge the correctness of that date, but go only to show that the complainant's invention was prior thereto.

In order to grant a rehearing, I must be satisfied that the newly-discovered evidence is material. Uncontradicted, it must be such as to lead to a decision contrary to that previously reached,—that is to say, it must, if uncontradicted, prove the complainant's priority of invention beyond a reasonable doubt; or as put in Coffin v. Ogden, 18 Wall. 120, 124, and in Morgan v. Daniels, 153 U. S. 120, 123, 14 Sup. Ct. 772, cited in the opinion of the circuit court of appeals, "every reasonable doubt must be resolved against him." I have read carefully the affidavits in support of the complainant's petition, and have examined his exhibits, and I have read the evidence printed in the record, which the circuit court of appeals considered to leave the preponderance of probabilities against the complainant. I have disregarded the respondents' affidavits, except that part of them which relates to undisputed entries in the complainant's books. While I am not clear to which side the balance of probabilities now inclines in my own mind, my very uncertainty proves conclusively that the case is still full of doubt. Indeed, I am not quite sure that the newly-discovered evidence, as a whole, helps the complainant's case. It is true that there is additional direct testimony to the existence of his stands before April 25, 1889; but the evidence of the entries in his books and in the books of other persons seems to me valueless, while the absence of any representation of his invention upon any of his trade circulars before 1890 is very damaging. Upon the evidence he presents, I should still be compelled to decide against him by the rule laid down in the opinion of the circuit court of appeals, and to permit him to reopen the case would therefore be vain. The question of laches becomes immaterial. Petition denied.